IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DEHGHANI, | ) | |
| | ) | |
| Plaintiff, | ) | 4:20-cv-00775 |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN CORADIUS | ) | |
| INTERNATIONAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, CHRISTOPHER DEHGHANI, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, AMERICAN CORADIUS INTERNATIONAL, LLC, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. CHRISTOPHER DEHGHANI, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Kansas City, State of Missouri.

5. At all relevant time, the Debt Defendant was attempting to collect was for the personal use of Plaintiff and/or used for household expenditure.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. AMERICAN CORADIUS INTERNATIONAL, LLC (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant's principal place of business is located in the State of New York. Defendant is incorporated in the State of Missouri.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

13. Plaintiff's mother is deceased, however, her family still maintains her residence as part of the estate.

14. In August of 2020, Defendant initiated a telephone call to the residential telephone of Plaintiff's deceased mother, and left a voicemail message for Plaintiff.

15. Plaintiff's outgoing voicemail message does not identify Plaintiff by name such that any caller could reasonably conclude that only Plaintiff will be listening to voicemail messages.

16. The outgoing voicemail message does not identify anyone as the owner of that number which would give any caller information as to who they are calling.

17. During the course of the aforementioned voicemail messages, Defendant disclosed that it was a debt collector and that Plaintiff owed a debt.

18. Other family members of Plaintiff's heard the voicemail message left by Defendant as other family members have access to the telephone and listens to messages in case there is a call that needs to be returned on behalf of the estate.

19. At least two (2) additional people aside from Plaintiff heard the message.

20. The other people who heard the message were not co-obligors on the account or authorized to speak on Plaintiff's behalf.

21. Plaintiff did not consent to Defendant communicating with person(s) other than Plaintiff.

22. Defendant knew or reasonably could anticipate that person(s) other than Plaintiff may hear the message it left for Plaintiff.

23. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the Debt, the name of the creditor to whom the Debt is owed or a statement that unless the consumer, within thirty

days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the debt collector.

24. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

   b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   c. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

25. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

26. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTOPHER DEHGHANI, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

Page **4** of **5**

Case 4:20-cv-00775-DGK   Document 1   Filed 09/27/20   Page 4 of 5

Respectfully submitted,
                                        **CHRISTOPHER DEHGHANI**


                                By:    s/ Paul T. Krispin, Jr.
                                        Attorney for Plaintiff


Dated: September 27, 2020

Paul T. Krispin, Jr. (Bar # 33203)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
**Telephone:**   (314) 667-4382
**Facsimile:**   (888) 418-1277
**E-Mail:**      pkrispin@smithmarco.com